UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-00283- |
| | § | RWS-AGD |
| DIRK DEWAYNE BULLOCK (21) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Dirk Dewayne Bullock's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 16, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by William Tatum.

Defendant was sentenced on April 16, 2025, before The Honorable Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy To Possess with Intent to Manufacture and Distribute Methamphetamine, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of III, was 37 to 46 months. Defendant was subsequently sentenced to time served, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and substance abuse testing and treatment. On April 16, 2025, Defendant completed his period of imprisonment and commenced the term of supervised release. (Dkt. #1240, Sealed).

On October 27, 2025, the United States Probation Officer executed a Petition for

Warrant or Summons for Offender Under Supervision (Dkt. #1237, Sealed). The Petition asserts that Defendant violated two (2) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (2) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing. (Dkt. #1237, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On June 9, 2025, Defendant admitted verbally and in writing, to using methamphetamine on or before June 9, 2025. On July 2, 2025, September 9, 2025, and September 25, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Sherman, TX, which tested positive for amphetamine and methamphetamine. The specimens were sent to the national testing laboratory and confirmed positive for both substances; (2) During the initial interview conducted on May 19, 2025, Defendant was unable to submit a urine specimen at the United States Probation Office, Plano, Texas. Despite drinking a lot of water, he was unable to submit a specimen as directed. He was told it be considered a stall and failure to submit. He agreed. On May 28, 2025; July 22, 2025; August 11, 2025; August 28, 2025; and October 7, 2025, Defendant failed to participate in the Random Drug Testing Program by failing to report to the United States Probation Office in Sherman, Texas, to submit a urine specimen. (Dkt. #1237, Sealed).

Prior to the Government putting on its case at the final revocation hearing, and after consenting to the undersigned's taking the plea, Defendant admitted as true Allegation 1 as set forth in the Petition. The Government withdrew Allegation 2. Based upon Defendant's plea of true, the court finds Defendant did violate his condition of supervised release with respect to

Allegation 1 contained in the U.S. Probation Office's Petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months, with no term of supervised release to follow.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility at Cimarron, if appropriate.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

SIGNED this the 16th day of December, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE